IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| TERRY GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:19-cv-00224 |
| | ) Jury Demanded |
| EXEDY AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Terry Glenn, for his Complaint against Defendant, Exedy America Corporation ("Defendant"), avers as follows:

### Nature of Action

1. This is a civil action seeking monetary relief for injuries suffered and sustained by Plaintiff because of Defendant's interference with Plaintiff's right to leave under the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq.*, and for unlawfully retaliating against Plaintiff for exercising said rights.

### Jurisdiction and Venue

2. This Court's subject matter jurisdiction rests with 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events and omissions giving rise to this action occurred in this judicial district.

### Parties

4. Plaintiff, Terry Glenn, is a resident of Knox County, Tennessee.

5. Defendant, Exedy America Corporation, is a Tennessee corporation. Defendant can be served with summons and a copy of this Complaint through its registered agent in Dennis R. McClane, 900 S. Gay Street, Suite 900, Knoxville, TN 37902.

6. Defendant is an employer within the meaning of and subject to the FMLA.

### Facts

7. Plaintiff worked for Defendant from December 18, 2006 until June 26, 2017, when he was terminated for allegedly violating the company's attendance policy.

8. Plaintiff has a disability within the meaning of the American with Disabilities Act (ADA), namely sacroiliac lesion/subluxation, lumbar discopathy, and disc protrusion/herniation, which at all relevant times also constituted a serious health condition within the meaning of the FMLA.

9. Plaintiff had last been approved for FMLA intermittent leave back in December 2016.

10. In or around May 2017, however, Plaintiff experienced symptom flare-ups requiring additional intermittent leave, stemming from the same serious health condition for which he had previously been approved to take intermittent FMLA leave.

12. Defendant apparently uses a third-party, called Sun Life Financial, to determine FMLA eligibility and entitlement for its employees in consultation and coordination with Defendant's HR department.

13. In or around the beginning of May 2017, Plaintiff notified Defendant's HR

Manager, Lisa Corum, of his need for medical leave. Ms. Corum directed Plaintiff to contact Sun Life in order to request FMLA leave, which he promptly did. At the time, Plaintiff also sent Sun Life a note from his physician certifying the need for leave.

14. On or about May 26, 2017, Sun Life acknowledged receipt of Plaintiff's request for FMLA leave and sent him additional forms to complete and submit, including a standardized medical certification.

15. On or about June 7, 2017, Plaintiff submitted these materials to Sun Life, including the standardized medical certification form signed by his physician.

16. On or about June 14, 2017, Sun Life sent Plaintiff a letter stating that the medical certification form they received was incomplete and that he had seven days to correct the issue. Upon information and belief, Sun Life was referring to an earlier doctor's note, and was overlooking the standardized form Plaintiff had already sent to them.

17. In any event, Plaintiff contacted Sun Life after receiving the June 14 letter to explain that he had already sent the required certification form signed by his physician. Nevertheless, to ensure that his leave request would be handled properly, Plaintiff agreed to have his physician send the certification again by fax to Sun Life, and Plaintiff thereafter confirmed with his physician's office that the fax was, in fact, re-sent to Sun Life, for at least the second time.

18. On June 22, 2017, Sun Life sent Plaintiff and Ms. Corum a letter stating that Plaintiff's FMLA leave request was being denied due to "insufficient

information to approve leave."

19. Meanwhile, on June 26, 2017, Plaintiff was escorted off the work premises and told he was being terminated because he had violated the company's attendance policy in light of the fact that his intermittent FMLA request was being denied.

20. Plaintiff attempted to explain to Ms. Corum that there must have been a mistake, that, in fact, he had submitted all his FMLA paperwork to Sun Life more than once and in a timely fashion. Still, Ms. Corum followed through with the termination decision, without revisiting the proof that Plaintiff was offering to provide her which would demonstrate his entitlement to FMLA leave.

Count I
Defendant's Unlawful Interference with FMLA Rights

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–21 as if set forth fully herein.

22. At all relevant times, Plaintiff been employed by Defendant for at least twelve months and had worked at least 1,250 hours during the previous twelve-month period.

23. At all relevant times, Plaintiff was eligible for the FMLA leave requested.

24. At all relevant times, Plaintiff was entitled to the FMLA leave requested.

25. By firing Plaintiff on June 26, 2017, Defendant willfully and knowingly interfered with the exercise Plaintiff's rights under the FMLA.

26. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered lost wages and benefits, for which Defendant is

4

liable.

27. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff is entitled to liquidate damages under the FMLA.

28. Plaintiff is additionally entitled to reasonable attorney's fees and costs stemming from this violation of FMLA.

Count II
<u>Defendant's Unlawful Retaliation in Violation of the FMLA</u>

29. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–28 as if set forth fully herein.

30. Before his termination, Plaintiff had previously exercised his rights to FMLA intermittent leave for the same serious health condition for which FMLA leave was thereafter denied on June 22, 2017.

31. Defendant had full knowledge of Plaintiff's need for intermittent leave and knew that he would continue to meet the eligibility and entitlement requirements of the FMLA for the foreseeable future.

32. Rather than comply with the law, Defendant (knowing that Sun Life was simply wrong about Plaintiff's entitlement) chose to take advantage of Sun Life's mistake as a pretext for terminating Plaintiff's employment.

33. By firing Plaintiff on June 26, 2017, Defendant violated the anti-retaliation provisions of the FMLA.

34. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages and benefits, for which Defendant is liable.

35. As a direct and proximate result of Defendant's unlawful retaliation,

5
Case 3:19-cv-00224-PLR-HBG   Document 1   Filed 06/19/19   Page 5 of 6   PageID #: 5

Plaintiff is entitled to liquidate damages under the FMLA.

36. Plaintiff is additionally entitled to reasonable attorney's fees and costs stemming from this violation of FMLA.

### Prayer for Relief

WHEREFORE, Plaintiff, Terry Glenn, respectfully prays for relief as follows:

1. That process issue and Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages.

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

5. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

/s/Richard E. Collins
Richard E. Collins (TN Bar # 24368)

STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 522-9942
richard@knoxvilleattorney.com